UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         v.<br><br>JOHN ADAMS,<br>                    Defendant. | Criminal No.  05-386-2 (ESH) |

**DETENTION MEMORANDUM**

The Defendant, John Adams, has been charged by indictment with conspiracy to distribute narcotics in violation of 21 U.S.C. § 846, narcotics crimes carrying a penalty in excess of ten years. Specifically, the Defendant is charged with conspiracy to distribute cocaine and cocaine base. The government requested a detention hearing which was held on November 1, 2005. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, the government proceeded by written and oral proffer. According to the government, the Defendant was one of at least nine individuals involved in a large scale crack cocaine and powder cocaine distribution operation. The government alleges that Antoine Jones, a Co-Defendant indicted with Adams, was a major distributor in this drug ring, based in the District of Columbia. The government further alleges that Adams conspired with Jones and the other named Defendants to distribute large quantities of cocaine.

Over a period of approximately two months, from Sept. 2, 2005 to Oct. 24, 2005, law enforcement agents intercepted phone conversations between Adams and Jones using a wiretap of Jones' cell phone. On Oct. 24, 2005, based on the intercepted phone calls and other information, agents executed search warrants at multiple locations, including Adams' home, which the government alleges was used as one of Jones' stash houses. Agents executed the search on Adams' home, 5703 Gloria Drive, Suitland, Maryland, at 6:00 in the morning. Adams and his wife were found in bed. Agents found 31 grams of cocaine and a razor blade behind the bed board on Adams' side of the bed. In a shoebox in the closet next to Adams, they found $9600 and a handgun. Additionally, in the pocket of a coat identified by Adams as belonging to him, agents found approximately 100 grams of cocaine powder.

**Discussion**

A grand jury returned an indictment charging the Defendants with conspiracy to distribute narcotics, a violations of the Controlled Substances Act. When, as here, probable cause exists to believe that the Defendants have committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the

Defendants constitute a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure their future presence in court or to reasonably assure the safety of the community, they should not be released pending trial.

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the Defendants' future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendants; (3) the Defendants' history and characteristics, including the Defendants' ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendants' release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendant was allegedly an active participant in a major drug distribution conspiracy involving sales of cocaine, a particularly destructive and dangerous narcotic.

The second factor, the weight of the evidence, also favors detention. A grand jury has found probable cause to believe that the Defendant participated in the drug conspiracy. Furthermore, the

Defendant was recorded having conversations regarding the drug conspiracy and a search of Defendant's home resulted in the seizure of significant quantities of cocaine.

The third factor, the history and characteristics of the Defendant, does not necessarily favor detention. Defendant has had a steady job for the past six years. Moreover, his prior criminal convictions, for possession of a firearm without a license, possession of heroin and possession of stolen property, occurred between 12 and 20 years ago. The Defendant also has no prior history for failure to appear. Thus, the Defendant's history and characteristics do not indicate that he would be a flight risk if released post trial or that he poses a danger to the community. Nevertheless, the Court finds, based on the other factors discussed herein, that the Defendant has not overcome the presumption that he poses a danger to the community.

The fourth factor, the nature and seriousness of the danger to the community should the Defendants be released, also favors detention. The Defendant is charged with conspiracy to sell large quantities of crack and powder cocaine, a charge that alone indicates he is a substantial danger to the community. Collectively, the Defendants are charged with conspiracy to distribute multiple kilos of cocaine. The Defendant was also found with a gun in his possession. Taken together, the charges indicate that the Defendant, if released, would pose a substantial danger to the community.

## **Conclusion**

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendants' pretrial release would constitute an unreasonable risk of danger to the community. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Moreover, upon consideration of the release conditions set out in 18 U.S.C. § 3142(c), this Court concludes that

no condition or combination of conditions can be imposed to reasonably assure the safety of the community.  Therefore, the government's motion for pretrial detention is granted.


Dated: November _2nd_, 2005             ____/s/_____
                                                                                ALAN KAY
                                                                                UNITED STATES MAGISTRATE JUDGE