UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | Crim. No. 05-0386 (ESH) |
| ) | |
| Antoine Jones, et al.  ) | |
| ) | |
| Defendants  ) | |
| ) | |
| _____) | |

**Government's Motion in Limine to Preclude Improper Impeachment of Government Witnesses through Inquiring into Details of Prior Convictions or Facts of Long Past Collateral Events**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests that the Court preclude defendants from eliciting the underlying substantive details of the prior convictions of government witnesses in cross-examination pursuant to Federal Rule of Evidence 609 or from seeking to inquire about long past events under Federal Rule of Evidence 608(b). The United States recognizes the Court must make these determinations witness by witness. However, as the basis for later individual objections, and in support of the specific exclusion of information concerning almost 20 year old events involving one of the government's likely witnesses, the United States submits the following points and authorities.

**Argument**

**A. Rule 609**

Federal Rule of Evidence 609(a) allows the impeachment of a witness through the admission into evidence of prior convictions. Specifically, the conviction is admissible if a witness was

1

convicted of a crime that involved dishonesty or false statements, or if his/her crime was punishable by death or imprisonment for more than one year, Fed. R. Evid. 609(a), *and* the conviction is not time barred under Rule 609(b)   But when  impeachment take place through the introduction of a previous conviction, "cross-examination is usually limited to the essential facts rather than surrounding details of the conviction." United States v. Baylor, 97 F.3d 542, 544 (D.C. Cir. 1997), citing United States v. Castro, 788 F.2d 1240, 1246 (7th Cir. 1986).  In most jurisdictions, the "essential facts" include the name of the offense, the date of disposition, and sometimes the sentence received for it.  See United States v. Pandozzi, 878 F.2d 1526, 1533-1534 (1st Cir. 1989) (Breyer, J.) ("We see nothing in Rule 609(a)(1) that requires a court, having admitted the prior conviction, to permit exploration of its factual details even if such details are irrelevant to the witness's credibility and would simply waste time and confuse the jury." );  United States v. Gordon, 780 F.2d 1165, 1176 (5th Cir. 1986) (proper examination is "limited to the number of convictions, nature of crimes, dates and times of convictions").  See also  Gora v. Costa, 971 F.2d 1325, 1330 (7th Cir. 1992) (witness may be examined  as to crime charged, date and disposition).

Beyond these essential aspects underlying facts leading to the previous conviction are generally not allowed.  Baylor, 97 F.3d at 544-545 (generally no right to probe the underlying facts once the nature and date of the prior conviction are established); Weinstein &  Berger,  Weinstein's Federal Evidence § 609.20 [2] at 609-57 ("When a prior conviction is admissible for impeachment, the impeaching party is generally limited to establishing the bare facts of the conviction; usually the name of the offense, the date of the conviction, and the sentence.").  This limitation exists when either a government witness or the defendant testifies.  Pandozzi, 878 F.2d at 1533-1534.  In Pandozzi, 878 F.2d 1526, the First Circuit found that the District Court did not err in preventing the

defendant from exploring in detail the prior sexual assault conviction of a government witness. Id. at 1534-1535. In particular, the court refused to let the defense bring out the fact that the victim of the sexual assault was a child. Id. The Court explained that admittance of the name of the crime as well as the incentives the witness had to testify provided proper impeachment value and the details of the sexual assault were irrelevant to the witness' credibility. Id. at 1534.

There are two circumstances where courts have allowed a more expansive cross-examination. Courts have ruled that a party is permitted to delve into the details of the prior convictions where the facts of the crime are independently relevant to the issues at trial. Fairbanks v. United States, 226 F.2d 251, 253 (D.C. Cir. 1955). This includes prior convictions with fact patterns that are blended with the matter at hand or that help to explain the circumstances of the offense charged in the instant case. Id. To the extent the prior convictions of the government witnesses in this case are of that nature the government intends to bring them out on direct and they are an appropriate area of cross examination. The second exception arises when the witness "opens the door" to more extensive cross-examination by trying to minimize the significance of, or her role in, a prior conviction. Baylor, 97 F.3d at 545. The government submits that if, on direct examination, the witness simply acknowledges the offense and date of his prior conviction, then the witness does not "open the door" to a more detailed inquiry on cross-examination.

In addition to the risk of prejudice, allowing details of prior convictions may side-track the court from the case at hand. Detailed testimony on a crime committed in the past could lead to a "mini-trial" on a previous conviction, confusing the jury and interrupting the flow of the trial. Baylor, 97 F.3d at 545 (D.C. Cir. 1997).

**Rule 608(b)**

In some circumstance specific instances of conduct regardless of whether they resulted in a conviction may be inquired into under Federal Rule of Evidence 608(b). However, only certain classes of offenses, those that are "probative of truthfulness or untruthfulness" are admissible. Weinstein, supra, section 608.22[2][a] at 608-53 ("Not all criminal, illegal, or immoral behavior is relevant to truthfulness")  And even with offenses that do qualify, Rule 608(b) emphasizes that this kind of inquiry is at "the discretion of the court".  One significant factor in the Court's exercise of discretion  is the age of the past events. United States v. Kennedy,  714 F.2d 968, 973 (upholding district court's exclusion from cross examination of witness' more than 10 year old  membership in the Hell's Angel's) (Kennedy, J.); Weinstein, supra. section 608.22 [2][c] at 608-64.

One of the government's likely witnesses,  John Adams,  has a 1988 conviction related to the theft of motor vehicles. The government believes that given that the conduct at issue took place some 18 years ago defendants should be precluded from inquiring about the facts of this event. The government also asks that the Court make a determination as to admissibility prior to the witness testifying.

WHEREFORE, for the foregoing reasons, the Government respectfully requests that the Court; 1) preclude defendants from inquiring into the details of prior convictions of government witnesses in cross-examination, only allowing examination into the name of the offense and the date of the prior conviction; 2) preclude inquiry into Adams' activity involving stolen vehicles some 18 years ago.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


By: _____
John V. Geise
Assistant United States Attorney
555 4th Street, N.W. Room 4126
Washington D.C. 20001
(202) 616-9156

_____
Rachel Lieber
Assistant United States Attorney
555 4th Street, N.W. Room 4820
Washington D.C. 20001
(202) 353-8055